**WO**                                                                                          KM

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Rory Joshua,                          )     No. CV 1-07-1122-MHM
                                      )
            Plaintiff,                )     **ORDER**
                                      )
vs.                                   )
                                      )
Mendoza-Powers, et al.,               )
                                      )
            Defendants.               )
_____       )

        Plaintiff Rory Joshua, formerly confined in the Avenal State Prison in Avenal, California, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). This case was reassigned to the undersigned judge on November 24, 2008.  The Court will dismiss the Complaint with leave to amend.

**I.      Statutory Screening of Prisoner Complaints**

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

JDDL-K

1  before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

2  (*en banc*).

3          The Court should not, however, advise the litigant how to cure the defects.  This type

4  of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v.

5  Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide

6  whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint

7  will be dismissed for failure to state a claim, with leave to amend because the Complaint may

8  possibly be saved by amendment.

9  **II.    Complaint**

10          Plaintiff names the following Defendants in the Complaint: Warden Mendoza-Powers,

11  Captain Pennywell, Sergeant Alfaro, Peace Officer Amaya, Correctional Counselor II J.

12  DonDiego, Correctional Counselor II E. Wagner, Dr. Suryadevara, Nurse King, Dr. K. Jones,

13  Dr. Weinstein, and Medical Supplier Garvin.

14          Plaintiff raises ten grounds for relief in the Complaint:

15      (1)    Defendants Jones and Suryadervara violated Plaintiff's Eighth and Fourteenth

16              Amendment rights when, because of ineffective staffing and their failure to

17              follow proper procedures, they failed to provide medical care to Plaintiff until

18              two weeks after Plaintiff was transferred to the Avenal facility;

19      (2)    Defendant Garvin violated Plaintiff's Eighth and Fourteenth Amendment

20              rights when he refused to provide Plaintiff with a special mattress;

21      (3)    Defendant Amaya violated Plaintiff's Eighth and Fourteenth Amendment

22              rights when Defendant Amaya "tr[ied] to force Plaintiff to walk a distance . . .

23              which Plaintiff's condition would not allow" and "tried to deny Plaintiff the

24              right to get medication";

25      (4)    Defendant Alfaro violated Plaintiff's Eighth and Fourteenth Amendment rights

26              when he failed to adequately investigate Plaintiff's complaints regarding his

27              medical care;

28

JDDL-K                                    - 2 -

1

2

3

4

    (5)    Defendant King violated Plaintiff's Eighth and Fourteenth Amendment rights when, after Plaintiff had waited four and half hours for his medical appointment and then eventually left to go lay down, Defendant King filled out a form stating Plaintiff refused medical care;

5

6

7

8

9

    (6)    Plaintiff's Eighth and Fourteenth Amendment rights were violated when Defendant Pennywell said, during Plaintiff's classification hearing, that Plaintiff's file did not say Plaintiff was unable to work and that the classification committee would leave Plaintiff's employment up to the assignment office;

10

11

12

13

14

    (7)    Plaintiff's Eighth and Fourteenth Amendment rights were violated when Defendant Wagner refused to process three of Plaintiff's grievance appeals and Defendant Mendoza-Powers sent Plaintiff's appeals back with a memo stating that Plaintiff was to send all complaints or appeals to Correction Counselor II S.T. Smith;

15

16

    (8)    Defendant Mendoza-Powers violated Plaintiff's Eighth and Fourteenth Amendment rights by ignoring Plaintiff's appeals and medical issues;

17

18

19

    (9)    Defendant DonDiego violated Plaintiff's Eighth and Fourteenth Amendment rights by failing to properly supervise the processing of Plaintiff's appeals, resulting in Plaintiff receiving delayed medical care; and

20

21

22

    (10)    Defendants Jones and Weinstein violated Plaintiff's Eighth and Fourteenth Amendment rights by refusing to answer Plaintiff's medical requests and by providing Plaintiff with pain medication that may be addictive.

23    Plaintiff seeks money damages.

24 **III.    Failure to State a Claim**

25    **A.    Medical Claims–Claims One, Two, Three, Five, Six and Ten**

26

27

28

    To maintain a claim under the Eighth Amendment based on prison medical treatment, a prisoner must show deliberate indifference to serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).  To act with deliberate indifference, a prison official must both

know of and disregard an excessive risk to inmate health. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Id. This subjective approach focuses upon the mental attitude of the defendant. Id. at 839.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). In the medical context, deliberate indifference may be shown by (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle, 429 U.S. at 104).

Medical malpractice or negligence is insufficient to establish a violation. Toguchi, 391 F.3d at 1060. Thus, mere negligence in diagnosing or treating a condition does not violate the Eighth Amendment. Toguchi, 391 F.3d at 1057. Also, an inadvertent failure to provide adequate medical care alone does not rise to the Eighth Amendment level. Jett, 429 F.3d at 1096. A difference in medical opinion also does not amount to deliberate indifference. Toguchi, 391 F.3d at 1058. To prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course was medically unacceptable under the circumstances and was chosen in conscious disregard of an excessive risk to the prisoner's health. Id.

Plaintiff's allegations in Claims One, Two, Three, Five, Six and Ten are insufficient to establish medical deliberate indifference. Plaintiff has failed to describe his medical conditions or injuries and the Court is therefore unable to evaluate whether Plaintiff's claims demonstrate that Defendants failed to respond to an excessive risk to Plaintiff's health. Moreover, Plaintiff has not alleged what injury, if any, he suffered as a result of Defendants' actions or inactions. Accordingly, Plaintiff has failed to state a claim in Claims One, Two, Three, Five, Six and Ten.

**B.     Grievances–Claims Four, Seven, Eighth, and Nine**

An inmate has no free-standing constitutional right to a grievance process. In Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not

1 have a protected liberty interest in prison grievance procedures.  Other circuits have held
2 similarly.  See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996); Adams v. Rice, 40
3 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991).  Without a
4 liberty interest, Plaintiff has no procedural due process rights at stake.

5 Plaintiff's allegations in Claims Four, Seven, Eight, and Nine center around incidents
6 in which Plaintiff alleges his medical complaints or appeals were improperly processed or
7 Defendants failed to respond.  Because Plaintiff has no right to a grievance process,
8 Defendants' failure to comply with grievance procedures does not implicate Plaintiff's due
9 process rights.  Plaintiff has therefore failed to state a claims in Claims Four, Seven, Eight,
10 and Nine.

11 **IV.   Leave to Amend**

12 For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
13 a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first
14 amended complaint on the form provided with this Order.  If Plaintiff fails to use the form
15 provided with this Order, the Court may strike the amended complaint and dismiss this action
16 without further notice to Plaintiff.

17 Plaintiff must clearly designate on the face of the document that it is the "First
18 Amended Complaint."  The amended complaint must be retyped or rewritten in its entirety
19 on the form provided with this Order and may not incorporate any part of the original
20 Complaint by reference.

21 Plaintiff must comply with the instructions provided with the form.  Plaintiff should
22 pay close attention to the instructions provided with the form.  If Plaintiff fails to comply
23 with the instructions provided with the form, the Court may strike the amended complaint
24 and dismiss this action without further notice to Plaintiff.

25 Among other requirements contained in the instructions, Plaintiff is advised that the
26 instructions require him to provide information regarding the Court's jurisdiction, provide
27 information about the defendants, and divide his lawsuit into separate counts.  In each count,
28 Plaintiff must identify what federal constitutional civil right was violated, identify the issue

most closely involved in that count, state which defendants violated that right and what those defendants did to violate that right, explain how Plaintiff was injured by the alleged violation of the constitutional right, and identify whether Plaintiff has exhausted any available administrative remedies. Plaintiff must repeat this process for each civil right that was violated. Plaintiff may allege only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**V.     Warnings**

**A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a

1   court of the United States that was dismissed on the grounds that it is frivolous, malicious,

2   or fails to state a claim upon which relief may be granted, unless the prisoner is under

3   imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

4          **D.**     **Possible Dismissal**

5          If Plaintiff fails to timely comply with every provision of this Order, including these

6   warnings, the Court may dismiss this action without further notice. <u>See</u> <u>Ferdik</u>, 963 F.2d at

7   1260-61 (a district court may dismiss an action for failure to comply with any order of the

8   Court).

9   **IT IS ORDERED:**

10         (1)     The Complaint (Doc. #1) is **dismissed** for failure to state a claim.  Plaintiff has

11  **30 days** from the date this Order is filed to file an amended complaint in compliance with

12  this Order.

13         (2)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

14  Court must, without further notice, enter a judgment of dismissal of this action with prejudice

15  that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

16         (3)     The Clerk of Court must include with this Order a copy of this judge's required

17  form for filing a civil rights complaint by a prisoner.

18         DATED this 12th day of February, 2009.

19

20

21  _____

22             Mary H. Murguia
               United States District Judge

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint in the
United States District Court for the Eastern District of California**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

7.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

Revised 12/1/08                    1

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
          Attorney for Defendant(s)
_____
(Signature)


8.  Amended Complaint.  If you need to change any of the information in the initial complaint, you
must file an amended complaint.  The amended complaint must be written on the court-approved
civil rights complaint form.  You may file one amended complaint without leave (permission) of
Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After
any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a
proposed amended complaint.  In addition, an amended complaint may not incorporate by reference
any part of your prior complaint.  **Any allegations or defendants not included in the amended
complaint are considered dismissed**  All amended complaints are subject to screening under the
Prison Litigation Reform Act; screening your amendment will take additional processing time.


9.  Exhibits.  You should not submit exhibits with the complaint or amended complaint.  Instead, the
relevant information should be paraphrased.  You should keep the exhibits to use to support or
oppose a motion to dismiss, a motion for summary judgment, or at trial.


10.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of
any judge.  The only appropriate way to communicate with the Court is by filing a written pleading
or motion.


11.  Completing the Civil Rights Complaint Form.


**HEADING:**
    1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address
    on the lines provided.


    2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name
    **more than four** defendants, print the name of the first defendant on the first line, write the
    words "and others" on the second line, and attach an additional page listing the names of **all**
    of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.


    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in
    the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may
    result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking
    only injunctive relief.


**Part A.  JURISDICTION:**
    1.  Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983
    for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for

2

federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

## Part B.  PREVIOUS LAWSUITS:

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

## Part C.  CAUSE OF ACTION:

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

3

**Part D.  REQUEST FOR RELIEF:**
　　　　Print the relief you are seeking in the space provided.

**SIGNATURE:**
　　　　You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


## FINAL NOTE


　　　　You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**


# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| _____ ,<br>(Full Name of Plaintiff)   Plaintiff, | ) ) ) ) |
| vs. | ) ) **CASE NO.** _____ |
| (1) _____ ,<br>(Full Name of Defendant) | ) **(To be supplied by the Clerk)** ) |
| (2) _____ , | ) ) |
| (3) _____ , | ) **CIVIL RIGHTS COMPLAINT** ) **BY A PRISONER** |
| (4) _____ , | ) |
| Defendant(s). | ) ☐ Original Complaint |
| ☐ Check if there are additional Defendants and attach page 1-A listing them. | ) ☐ First Amended Complaint ) ☐ Second Amended Complaint |

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:

  ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

  ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

  ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:

_____at_____.

(Position and Title)                                                    (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:

_____at_____.

(Position and Title)                                                    (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:

_____at_____.

(Position and Title)                                                    (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:

_____at_____.

(Position and Title)                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?       ☐ Yes       ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number:  _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____

        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number:  _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____

        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number:  _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____

        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                  ☐ Yes    ☐ No
b.    Did you submit a request for administrative relief on Count I?          ☐ Yes    ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?   ☐ Yes    ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer    ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes  ☐ No
    b.   Did you submit a request for administrative relief on Count II?    ☐ Yes  ☐ No
    c.   Did you appeal your request for relief on Count II to the highest level?    ☐ Yes  ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

## COUNT III

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities       ☐ Mail       ☐ Access to the court       ☐ Medical care
    ☐ Disciplinary proceedings       ☐ Property       ☐ Exercise of religion       ☐ Retaliation
    ☐ Excessive force by an officer       ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?       ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count III?       ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?       ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                          DATE                                                        SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6